Sealed
Public and unofficial staff access to this instrument are prohibited by court order.

United States Courts
Southern District of Texas
FILED
AUG 1 8 2009
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| VS. | § | CRIMINAL NO. H-09-259-SS |
| ARNOLDO MALDONADO | § | |
| JONATHAN DAPPEN | § | |

PARTIALLY UN-SEALED PER ORDER 10/2/09

INFORMATION

The United States charges:

COUNT I

From on or about January 2009, and continuing to the present, in the Houston Division of the Southern District of Texas and elsewhere,

ARNOLDO MALDONADO

the defendant herein, did knowingly conspire with others known and unknown to commit an offense against the United States, that is, to receive and sell petroleum products, such as condensate, of the value of $5,000 or more, which constituted commerce from the country of Mexico to the State of Texas, knowing the condensate to have been stolen or unlawfully converted, in violation of Title 18, United States Code, Sections 2315 and 371.

THE MANNER AND MEANS OF THE CONSPIRACY

It was a part of the conspiracy that:

1. Various United States companies and individuals imported Mexican condensate, which was stolen from PETROLEOS MEXICANOS (PEMEX), into the United States.

2. The United States companies and individuals coordinated the transport of stolen

condensate by semi-truck tankers from Mexico into the U.S. via a land border Port of Entry.

3. The stolen condensate was purchased and sold by U.S. companies knowing it to be stolen.

4. ARNOLD MALDONADO, through Y OIL and GAS, caused condensate to be transported from Mexico into the United States knowing it to be stolen.

5. ARNOLD MALDONADO caused the stolen condensate to be sold to other U.S. individuals and companies.

## OVERT ACTS

In furtherance of the conspiracy, and to effect the objects thereof, the defendant and others performed and caused to be performed, among others, the following overt acts:

1. On or about January 6, 2009, the defendant participated in a telephone conversation with an employee of a U.S. company in which they discussed the problems involved in importing stolen condensate.

2. On or about January 26, 2009 the defendant and others arranged for 10 tanker trucks of stolen condensate to be delivered to a U.S. Company.

3. On or about February 27, 2009 the defendant and others arranged for 6 tanker trucks of stolen condensate to be delivered to a U.S. Company.

4. On or about March 3, 2009 the defendant and others arranged for 6 tanker trucks of stolen condensate to be delivered to a U.S. Company.

In violation of Title 18, United States Code, Sections 2315 and 371.

## COUNT II

From on or about January 2009, and continuing to the present, in the Houston Division of the Southern District of Texas and elsewhere,

the defendant herein, did knowingly conspire with others known and unknown to commit an offense against the United States, that is, to receive and sell petroleum products, such as condensate, of the value of $5,000 or more, which constituted commerce from the country of Mexico to the State of Texas, knowing the condensate to have been stolen or unlawfully converted, in violation of Title 18, United States Code, Sections 2315 and 371.

## THE MANNER AND MEANS OF THE CONSPIRACY

It was a part of the conspiracy that:

1. Various United States companies and individuals imported Mexican condensate, which was stolen from PETROLEOS MEXICANOS (PEMEX), into the United States.

2. The United States companies and individuals coordinated the transport of stolen condensate by semi-truck tankers from Mexico into the U.S. via a land border Port of Entry.

3. The stolen condensate was purchased and sold by U.S. companies knowing it to be stolen.

4. caused condensate to be transported from Mexico into the United States knowing it to be stolen.

5. caused the stolen condensate to be sold to other U.S. individuals and companies.

## OVERT ACTS

In furtherance of the conspiracy, and to effect the objects thereof, the defendant and others performed and caused to be performed, among others, the following overt acts:

1. On or about February 11, 2009, the defendant and others discussed the movement of stolen condensate across the border of Texas and Mexico by truck.

2. On or about February 19, 2009 the defendant and others arranged for 2 tanker trucks of stolen condensate to be delivered to a U.S. Company.

3. On or about March 3, 2009 the defendant and others arranged for 6 tanker trucks of stolen condensate to be delivered to a U.S. Company.

In violation of Title 18, United States Code, Sections 2315 and 371.

**COUNT III**

From on or about January 2009, and continuing to the present, in the Houston Division of the Southern District of Texas and elsewhere,

**JONATHAN DAPPEN**

the defendant herein, did knowingly conspire with others known and unknown to commit an offense against the United States, that is, to receive and sell petroleum products, such as condensate, of the value of $5,000 or more, which constituted commerce from the country of Mexico to the State of Texas, knowing the condensate to have been stolen or unlawfully converted, in violation of Title 18, United States Code, Sections 2315 and 371.

**THE MANNER AND MEANS OF THE CONSPIRACY**

It was a part of the conspiracy that:

1. Various companies, such as Petro Salum, imported Mexican condensate, which was stolen from PETROLEOS MEXICANOS (PEMEX), into the United States.
2. The import companies sent semi-truck tankers loaded with stolen condensate from Mexico into the U.S. via a land border Port of Entry.
3. The stolen condensate was purchased by U.S. companies from the import companies, knowing it to be stolen.
4. Petro Salum through its representative, JONATHAN DAPPEN, purchased the imported condensate from Mexico knowing it to be stolen.
5. Petro Salum though its representative, JONATHAN DAPPEN, sold the stolen condensate to larger U.S. companies.

## OVERT ACTS

In furtherance of the conspiracy, and to effect the objects thereof, the defendant and others performed and caused to be performed, among others, the following overt acts:

1. On or about January 15, 2009, the defendant participated in a telephone conversation with an employee of a U.S. company in which they discussed problems with payment for stolen condensate.

2. On or about January 21, 2009, the defendant participated in a telephone conversation with an employee of a U.S. company in which they discussed problems with payment for stolen condensate.

3. On or about January 23, 2009, the defendant participated in a telephone conversation with an employee of a U.S. company in which they discussed problems with payment for stolen condensate.

4. On or about January 26, 2009, the defendant and others arranged for the delivery of 10 tankers of stolen condensate to Continental Fuels.

5. On or about March 3, 2009, the defendant and others arranged for the delivery of 7 tankers of stolen condensate to Continental Fuels.

In violation of Title 18, United States Code, Sections 2315 and 371.

TIM JOHNSON
United States Attorney

By: [signature]
Jim McAlister
Assistant United States Attorney
(713)567-9573